### J. PAUL JONES *v.* SAMUEL HATCHETT.

**Arbitration.**

   The common law respecting arbitrations and awards is still in force, and hence an arbitration and award is binding although the questions were not submitted by order of court or by any formal agreement.

**Setting Aside an Award.**

   An award made by arbitrators will not be set aside for mere errors of judgment when neither fraud nor mistake is alleged and shown.

APPEAL FROM BOYD CIRCUIT COURT.

October 7, 1876.

OPINION BY JUDGE COFER:

The award set up in the amended answer and counterclaim was prima facie a valid common-law award, and the appellee's motion for judgment on the award was in effect a demurrer to so much of the

reply as attempted to avoid it. To the submission of that motion the appellant interposed no objection, and unless his reply presented a valid defense to the award, there was no issue to try the award, if valid.

There being a former settlement of all the matters in controversy in the action, the only question necessary to be decided now is, whether the reply, if true, presented grounds avoiding the award.

The first ground relied upon is that the submission was not by order of court, and was not by any formal or binding agreement. We have decided that the common law respecting arbitrations and awards is still in force. It is alleged in the amended counterclaim that "the plaintiff and defendant agreed to submit the matters in controversy in this action to the arbitrament of John P. Jones and William Sherritt, and they, by consent of parties selected Robert W. Lampton as umpire," and that they made an award in writing. The appellant does not deny that such an agreement was made, but says that there was not a formal or binding agreement. He should either have denied that there was any agreement or have stated why it was not binding.

The second objection is that the arbitrators had assumed to decide matters not submitted; that they undertook to rescind the contract of sale of the horse when there was no such issue in the case. The appellee alleged the appellant represented that the horse was sound when he knew he had glanders, and that the horse had been tendered back and left on the appellant's premises. If these allegations were true the appellee has a right to a rescission, and that matter was therefore in issue in the suit. The third objection is that the award is unjust and not sustained by the facts, and the acts of the arbitrators were irregular and not in conformity to law. Neither fraud nor mistake is alleged, and it is well settled that an award will not be set aside for mere errors of judgment on the part of arbitrators. We are therefore of the opinion that the reply presented no defense to the cross-action on the award, and that the award was properly enforced.

Judgment *affirmed.*

*W. C. Ireland, for appellant.*